Filed 4/5/23  P. v. McCart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN L. McCART,<br><br>    Defendant and Appellant. | C096002<br><br>(Super. Ct. No. 21FE015487) |

A jury convicted defendant Jonathan L. McCart of inflicting corporal injury on a cohabitant resulting in a traumatic condition, and assault by means of force likely to produce great bodily injury.  Defendant stipulated to factors in aggravation.  The trial court sentenced defendant to the upper term of four years, doubled to eight years for a prior strike conviction.  In selecting the upper term, the trial court referenced the aggravating factors stipulated to and proven at trial.

Defendant now contends the trial court did not adequately weigh mitigating and aggravating factors in imposing the upper term sentence.  Because defendant did not assert this argument in the trial court, we will affirm the judgment.

1

BACKGROUND

Defendant and his then-girlfriend, L.D., had a physical altercation in September 2021 while they lived together. After defendant argued with L.D. at a store, she got a ride home from a male friend. The next day, the argument continued, and defendant repeatedly pushed L.D., laid on top of her so she could not get up and leave, choked her so she could not breathe, and shoved her into and through a closet door.

The People charged defendant with inflicting corporal injury on a cohabitant resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)[1] -- count 1) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count 2). The amended information alleged that defendant had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) for aggravated mayhem (§ 205) and criminal threats (§ 422). It further alleged various aggravating factors, such as that defendant had engaged in violent conduct that indicated a serious danger to society; that his prior convictions were numerous or of increasing seriousness; that he had served a prior term in prison; that he was on parole when he committed the present offenses; and that his prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory. (Cal. Rules of Court, rule 4.421(b)(1)-(5)).[2]

The jury found defendant guilty as charged. Defendant waived a jury trial on the prior conviction allegations and the alleged aggravating circumstances. He admitted two prior felony convictions for aggravated mayhem and criminal threats and stipulated to the five aggravating factors alleged under rule 4.421(b)(1) through (5).

At sentencing, defense counsel requested the low term, arguing the injuries inflicted were minor. The People urged the trial court to follow probation's

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule references are to the California Rules of Court.

recommendation and impose the upper term.  The People emphasized that defendant had stipulated to the alleged factors in aggravation, and he admitted the prior mayhem conviction, which was for beating his girlfriend with a crowbar, pouring gasoline on her, and lighting her on fire, resulting in severe second and third degree burns over her body. According to the People, after defendant was released on parole from that life sentence, he committed two parole violations and shortly thereafter committed the offenses in the present case.

Defendant addressed the trial court and argued the case should have been charged as a misdemeanor because it was essentially a pushing and shoving match.  He added that his prior conviction was remote and he had changed his life.  The trial court disagreed with defendant's characterization of his crimes, indicating that defendant choked the victim until she could not breathe and could have killed her.

On the count 1 corporal injury offense, the trial court imposed the upper term of four years, doubled to eight years.  The trial court imposed and stayed the same sentence on the count 2 assault offense pursuant to section 654.  In selecting the upper term, the trial court referenced the aggravating factors that were stipulated to and proven at trial. The trial court recognized that it had discretion to dismiss defendant's prior conviction allegations and to impose a lower term, but it exercised its discretion to choose the upper term.

DISCUSSION

Defendant contends the trial court did not adequately weigh mitigating and aggravating factors in imposing the upper term sentence.[3]

Senate Bill No. 567 (2021-2022 Reg. Sess.), effective January 1, 2022, changed the requirements for proving aggravating circumstances and altered sentencing discretion

---

[3] We do not consider contentions that were not set forth in a heading (rule 8.204(a)(1)(B)) or that were asserted for the first time in appellant's reply brief.

3

under section 1170.  (Stats. 2021, ch. 731, § 1.3.)  Among other things, Senate Bill No. 567 amended section 1170 to generally provide for midterm sentences and prohibit upper term sentencing unless the factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction.  (§ 1170, subd. (b)(1)-(3).)  In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed.  (§ 1170, subds. (b)(5), (c).)

Senate Bill No. 567 also created a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense.  (§ 1170, subd. (b)(6).)  These factors include, among other things, that the person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence (§ 1170, subd. (b)(6)(A)), and that, prior to the instant offense or at the time of its commission, the person is or was a victim of intimate partner violence or human trafficking (§ 1170, subd. (b)(6)(C)).  If any of the presumptive lower term factors contributed to an offense, the trial court must impose the lower term unless the trial court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice.  (§ 1170, subd. (b)(6).)

Defendant argues that under Senate Bill No. 567, the trial court failed to expressly weigh the aggravating and mitigating factors and set forth detailed reasons for its selection of the prison term.  We begin by noting that the trial court did not ignore arguable facts in mitigation.  The record indicates the trial court gave both defense counsel and defendant opportunities to speak at the hearing and acknowledged defendant's efforts to turn his life around.  In addition, although the trial court misstated the scope of one of defendant's stipulations -- saying defendant stipulated that his prior convictions as an adult were numerous *and* increasing in seriousness when defendant

4

only stipulated that they were numerous *or* increasing in seriousness -- a single aggravating factor is sufficient to impose the upper term.

In any event, the trial court sentenced defendant in February 2022, after the effective date of Senate Bill No. 567, but the defense did not assert in the trial court that the court was failing to correctly apply the provisions of Senate Bill No. 567. Instead, defense counsel requested the lower term based on the victim's minor injuries. (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing"].) The absence of a specific objection based on Senate Bill No. 567 forfeited the issue on appeal. (*Scott,* at pp. 351-353 [lack of timely and meaningful objection to court's alleged failure to properly make or articulate its discretionary sentencing choices forfeits issue on appeal].)

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:


/S/
ROBIE, Acting P. J.


/S/
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.